**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br>40 West 20th Street<br>New York, NY 10011 | )<br>)<br>)<br>) |
| | ) |
| Plaintiff, | )   20-cv-3169 |
| | )   ECF Case |
| v. | ) |
| | ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460 | )<br>)<br>)<br>) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      Defendant United States Environmental Protection Agency (EPA) is violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose responsive records requested by plaintiff Natural Resources Defense Council (NRDC).

2.      In August, EPA approved limited use of a brand-new pesticide, SurfaceWise2, on an emergency basis to kill coronavirus on surfaces. EPA approved the pesticide in response to a request from the State of Texas, and EPA's decision limits use of the pesticide to American Airlines airplanes and certain orthopedic facilities in Texas. In announcing the decision, EPA Administrator Andrew Wheeler encouraged states to seek approval to use this new pesticide in other places around the country, including in schools.

3.      Because it is a pesticide, SurfaceWise2 is regulated under the Federal Insecticide, Fungicide, and Rodenticide Act. Applications for emergency pesticide use under that law must disclose possible health and environmental risks caused by exposure to the pesticide and must

include proof that the pesticide "will be effective in dealing with the emergency." 40 C.F.R.

§ 166.20(a)(5). EPA can approve a new pesticide on an emergency basis if the Administrator

decides that emergency conditions exist and that use of the pesticide will not cause unreasonable

adverse effects on human health or the environment.

4.      There is virtually no public information available about the health and safety risks from

exposure to this new pesticide, or about how EPA assessed risks, benefits, or efficacy before

approving it on an emergency basis. Some scientists have expressed concern that the pesticide

will be ineffective—because surface contact is not thought to be a major source of coronavirus

transmission—and may instead present health risks of its own, especially if used widely around

children. EPA did not publish advance notice of its plan to approve the pesticide and has not

published or disclosed the application filed by the State of Texas seeking approval.

5.      On September 2 and September 10, 2020, NRDC filed FOIA requests with EPA,

requesting documents about EPA's emergency decision to approve SurfaceWise2 for limited use

in Texas; communications between EPA and outside parties about that decision; any other

pending requests to use the pesticide in other facilities, like schools; and any EPA decision

documents approving or denying such emergency requests. This information is critical to allow

plaintiff NRDC—and the public—to assess the potential health risks from exposure to this new

pesticide, and to evaluate the basis for EPA's decision to approve it.

6.      EPA's deadlines to produce documents in response to the FOIA requests were October 1

and October 8, 2020, respectively. Despite making three separate commitments to disclose

documents by now, EPA has not produced any records to NRDC in response to these requests.

7.      NRDC seeks a declaration that EPA has violated FOIA by failing to provide final

determinations as to whether it will comply with NRDC's requests and by failing to produce responsive documents by the statutory deadlines. NRDC seeks an order directing EPA to disclose without further delay all non-exempt, responsive records to NRDC.

## THE PARTIES

8.      Plaintiff NRDC is a national, non-profit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment.

9.      Defendant EPA is a federal agency within the meaning of FOIA, 5 U.S.C. § 551(1), and has possession or control of the records that NRDC seeks.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

11.      Venue is proper in this district. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

12.      FOIA requires that federal agencies release, upon request, information to the public, unless one of nine statutory exemptions applies. 5 U.S.C. § 552(a)-(b).

13.      Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. *Id.* § 552(a)(6)(A)(i). The agency must "immediately notify" the requester of "such determination and the reasons therefor." *Id.* If an agency determines that it will comply with the request, it must "promptly" release responsive, non-exempt records to the requester. *Id.* § 552(a)(6)(C)(i).

14.      If the agency fails to comply with the statutory time limits, the requester is deemed to

have exhausted her administrative remedies and may immediately file suit. *Id.* District courts

may enjoin an agency from withholding agency records and "order the production of any agency

records improperly withheld." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

15.     On August 24, 2020, in response to requests filed by the Texas Department of

Agriculture, EPA granted emergency approval for use of the pesticide SurfaceWise2 pursuant to

the Federal Insecticide, Fungicide, and Rodenticide Act and that statute's implementing

regulations.

16.     SurfaceWise2 is manufactured by the company Allied BioScience, which joined EPA in

a press release announcing the emergency approval as a "groundbreaking development."

17.     EPA's approval gives authority to the State of Texas to allow two companies—American

Airlines and Total Orthopedics Sports & Spine—to use SurfaceWise2 in Texas.

18.     At the same time, in a series of press interviews, EPA Administrator Andrew Wheeler

encouraged states to file additional emergency requests for further uses of SurfaceWise2 in other

facilities, including in schools.

19.     NRDC filed a FOIA request with EPA on September 2, seeking records of all

communications and correspondence about SurfaceWise2 between EPA and any representative

or agent of (1) the Texas Department of Agriculture, (2) American Airlines, (3) Total

Orthopedics Sports & Spine, and/or (4) Allied BioScience, to include the emergency requests

filed by the State of Texas and any communications surrounding EPA's press release. EPA

assigned tracking number EPA-2020-006714 to this request and sent a letter to NRDC on

September 9 estimating that it would complete its response to the request by November 1.

20.     NRDC filed a second FOIA request with the agency on September 10, seeking any

emergency requests to use SurfaceWise2 other than those submitted by the Texas Department of Agriculture that EPA had recently approved, as well as any final decision documents in response to any such requests for emergency approval. EPA assigned tracking number EPA-2020-006861 to this request.

21.     The statutory deadline for EPA to produce the documents sought in the September 2 FOIA request was October 1.

22.     The statutory deadline for EPA to produce the documents sought in the September 10 FOIA request was October 8.

23.     In a telephone call regarding both FOIA requests on September 29, an EPA FOIA officer said that the agency would start producing responsive documents by October 9. EPA did not, however, produce any documents by October 9. In a subsequent phone conversation on October 13, the EPA FOIA officer said the agency would start producing documents the next day, on October 14. EPA did not, however, produce any documents by October 14. In email correspondence on October 16, EPA said the agency would provide an "update" "next week" regarding "when EPA can make a partial production" on the two FOIA requests. EPA did not provide any such update.

24.     To date, EPA has not produced any responsive documents to NRDC.

**CLAIM FOR RELIEF**

25.     Plaintiff incorporates by reference all preceding paragraphs.

26.     NRDC has a statutory right under FOIA to obtain immediately all records responsive to its requests that are not exempt from disclosure.

27.     EPA violated its statutory duty under FOIA, 5 U.S.C. § 552(a), to release all non-exempt, responsive records to NRDC.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment against EPA as follows:

A.      Declaring that EPA has violated FOIA by failing to produce non-exempt records responsive to NRDC's FOIA requests by the statutory deadlines;

B.      Ordering that EPA disclose the requested records to NRDC without further delay;

C.      Retaining jurisdiction over this case to rule on any assertions by EPA that certain responsive records are exempt from disclosure;

D.      Ordering EPA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings, in the event that EPA determines that certain responsive records are exempt from disclosure;

E.      Awarding Plaintiff its costs and reasonable attorneys' fees; and

F.      Granting such other relief that the Court considers just and proper.

Respectfully submitted,

/s/  Aaron Colangelo
Aaron Colangelo (DC Bar No. 468448)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Phone: 202-289-2376
Fax: 415-795-4799
acolangelo@nrdc.org

Daniel Hessel (*pro hac vice* forthcoming)
Natural Resources Defense Council
40 West 20th Street, 11th Floor
New York, NY 10011
Phone: 646-889-1494
dhessel@nrdc.org

Counsel for Plaintiff

Dated: November 2, 2020